UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────┐
│ USDC-SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____       │
│ DATE FILED: SEP 18 2012     │
└─────────────────────────────┘
```

---

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

      -against-

PETER SIRIS,
GUERRILLA CAPITAL MANAGEMENT, LLC,
and
HUA MEI 21st CENTURY, LLC,

           Defendants.

12 civ. 5810

#12,1641

---

## FINAL JUDGMENT AS TO DEFENDANTS PETER SIRIS, GUERRILLA CAPITAL MANAGEMENT, LLC, AND HUA MEI 21st CENTURY, LLC

The Securities and Exchange Commission having filed a Complaint and Defendants Peter

Siris ("Siris"), Guerrilla Capital Management, LLC ("Guerrilla Capital"), and Hua Mei 21st

Century, LLC ("Hua Mei") ("Defendants"), having entered a general appearance; consented to

the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry

of this Final Judgment without admitting or denying the allegations of the Complaint (except as

to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Siris and

Guerrilla Capital and their agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Siris and Guerrilla Capital and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant

Siris and his agents, servants, employees, attorneys, and all persons in active concert or

participation with him who receives actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers

Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], while

acting as an investment adviser to any pooled investment vehicle, by use of the mails or any

means or instrumentalities of interstate commerce, directly or indirectly, to employ any device,

scheme, or artifice to defraud any client or prospective client, to make any untrue statement of a

material fact or to omit to state a material fact necessary to make the statements made, in light of

the circumstances under which they were made, not misleading, to any investor or prospective

investor in the pooled investment vehicle, or otherwise engage in any act, practice, or course of

business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective

investor in the pooled investment vehicle.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants

Siris and Guerrilla Capital and their agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating Rule 105 of

Regulation M [17 C.F.R. § 242.105] to sell short any security that is the subject of an offering of

equity securities for cash pursuant to a registration statement or a notification on Form 1-A or Form

1-E filed under the Securities Act, and purchase the offered security from an underwriter or broker or dealer participating in the offering if such short sale was effected during the Rule 105 restricted period.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Siris and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receives actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to make use of the mails or any means or instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, any security unless such broker or dealer is registered with the Commission as such or associated with an entity registered with the Commission as a broker or dealer.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Siris and Hua Mei and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

4

(b)     Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are liable on a joint and several basis for disgorgement of $592,942.39, representing

profits gained and/or losses avoided as a result of the conduct alleged in the Complaint, together

with prejudgment interest thereon in the amount of $70,488.83.  Defendants shall satisfy this

obligation by paying $663,431.22, as provided in and pursuant to the terms of the payment

schedule set forth in paragraph IX below after entry of this Final Judgment.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Siris shall

pay a civil penalty in the amount of $464,011.93 to the Securities and Exchange Commission

pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1],

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e) of the Advisers Act

[15 U.S.C. § 80-b(9)(e)]. Defendant Siris shall make this payment as provided in and pursuant to the terms of the payment schedule set forth in paragraph IX below after entry of this Final Judgment.

## IX.

Defendants Peter Siris, Guerrilla Capital Management, LLC, and Hua Mei 21st Century, LLC shall pay the total of disgorgement and prejudgment interest, and penalty (to be paid by Peter Siris) due of $1,127,443.15 in two installments to the Commission according to the following schedule: (1) $400,000.00, within 14 days of entry of this Final Judgment; and (2) $727,443.15, within 90 days of entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Peter Siris, Guerrilla Capital Management, LLC, and Hua Mei 21st Century, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of

6

the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after the entry of Final Judgment. Prior to making the final payment set forth herein, defendants Peter Siris, Guerrilla Capital Management, LLC, and/or Hua Mei 21st Century, LLC shall contact the staff of the Commission for the amount due for the final payment.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

If Defendants Peter Siris, Guerrilla Capital Management, LLC, and/or Hua Mei 21st Century, LLC fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## CONSENT OF DEFENDANTS PETER SIRIS, GUERRILLA CAPITAL MANAGEMENT, LLC, AND HUA MEI 21st CENTURY, LLC

1.      Defendants Peter Siris, Guerrilla Capital Management, LLC, and Hua Mei 21st

Century, LLC, waive service of a summons and the complaint in this action, enter a general

appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of

this action.

2.      Without admitting or denying the allegations of the complaint (except as to

personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to

the entry of the final judgment in the form attached hereto (the "Final Judgment") and

incorporated by reference herein, which, among other things:

   (a)      permanently restrains and enjoins defendants Siris and Guerrilla Capital from

            violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")

            [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Section

            17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1)], and

            Rule 105 of Regulation M [17 C.F.R. § 242.105]; defendants Siris and Hua Mei

            from violating Section 5(a) and Section 5(c) of the Securities Act [15 U.S.C. §

            77e(a) and (c)]; and defendant Siris from violating Section 206(4) of the

            Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(4)] and

            Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], and Section 15(a) of the

            Exchange Act [15 U.S.C. § 78o(a)];

   (b)      orders Defendants, on a joint and several basis, to pay disgorgement in the

            amount of $592,942.39, plus prejudgment interest thereon in the amount of

            $70,488.83; and

8

(c)    orders defendant Siris to pay a civil penalty in the amount of $464,011.93 under Section 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1], Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80-b(9)(e)].

3.·    Defendant Siris agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount that defendant Siris pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Siris further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that defendant Siris pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

3.    Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.    Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.    Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

6.    Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.    Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

8.    Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

9.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

10.     Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

12.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a

11

party, Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

13.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _July 6, 2012_

_____
PETER SIRIS

On ___July 6___, 2012, _Peter Siris_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:  12|19|15

SHEENA PATRICE WONG SHUE
Notary Public, State of New York
Qualified in Kings County
No. 01WO6253490
My Commission Expires 12/19/ 15

12

Dated: _____

SHEENA PATRICE WONG SHUE
Notary Public, State of New York
Qualified in Kings County
No. 01WO6253490
My Commission Expires 12/19/__15__

GUERRILLA CAPITAL MANAGEMENT, LLC
HUA MEI 21ST CENTURY, LLC

By: _____
Title: _____
Address: _____

On ___July 6___ , 2012, Peter Siris, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Guerrilla Capital Management, LLC, and Hua Mei 21st Century, LLC, as their Managing Director.

_____
Notary Public
Commission expires:

Approved as to form:

_____
M. William Munno, Esq.
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1200
*Attorney for Defendants Peter Siris,*
*Guerrilla Capital Management, LLC, and Hua Mei 21st Century, LLC*

SO ORDERED:
Dated _____, 2012

_____
United States District Judge

**Ronnie Abrams**
**United States District Judge**
**Southern District of New York**